

**ORDERED in the Southern District of Florida on May 5, 2022.**

_____
**Laurel M. Isicoff
Chief United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 21-20105-LMI |
| | : | |
| GOAR GONZALEZ-CARVAJAL, | : | CHAPTER 7 |
| | : | |
|    Debtor. | : | |
| _____/ | | |

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY BETWEEN DEBTOR AND THE TRUSTEE

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy [D.E. #37] (the "*Motion*"). The Motion has been served on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice). By submitting this form of order, and the Trustee having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or

served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion, and the Court, having reviewed the file, the Motion and record herein, good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED** and the Settlement is **APPROVED** on the terms and conditions set forth in the Motion and the Stipulation to Compromise Controversy attached as Exhibit "A" to the Motion (the "*Stipulation*" or "*Settlement*").

2. Notwithstanding the scheduled values, the Trustee and the Debtor agree that the Petition Date fair market value of the Debtor's non-exempt interest in the Potential Transferred Funds Claims is $16,200.00 (or $12,000.00 in the event of early payment).

3. Accordingly, the Debtor agrees to pay to the Trustee, and the Trustee agrees to accept, the total sum of $16,200.00 (the "*Settlement Amount*") to be paid in Eighteen (18) equal monthly payments of $900.00 to be made on the 15th day of each month starting on April 15, 2022 and ending on September 15, 2023. As an incentive for early payment if the Trustee receives a total of $12,000.00 by June 15, 2022, then $12,000.00 will be the Settlement Amount.

4. The payments shall be by cashier's checks or money orders made payable to the order of Scott N. Brown, Trustee and mailed to the Trustee's office at: One SE Third Ave., Suite 1400, Miami, FL 33131.  The cashier's check or money order should clearly state the name of the Debtor and the case number.

5. For settlement purposes only and solely for the Trustee's administrative convenience, the parties agree that the Settlement Amount will be allocated to the Potential Transferred Funds Claims.

6. As part of the Settlement, the Debtor agrees that the Trustee may file an Agreed

Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that the Settlement is approved before such deadline expires.

7. To the extent that the settlement may be construed as a sale or conveyance of property to the Debtor, the Debtor agrees and acknowledges that any such sale or conveyance is "AS-IS, WHERE-IS," with no representations or warranties of any type being given by the Trustee or his professionals, and subject to all liens, claims, encumbrances and interests, whether known or unknown.

8. As a material inducement to the Trustee's entry into the Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "***Pleadings***"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "***Documents***"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, the Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

9. Provided that the Debtor timely complies with all the terms of the Stipulation, the Trustee will: (a) not object to the Debtor's claimed exemptions; (b) not seek turnover of any scheduled personal property.

10. If the Debtor fails to timely make any of the payments described in paragraph 3, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objections from the Debtor.

11. In the event that the Debtor fails to comply with all the terms of the Stipulation, or

should any of the Debtor's representations and warranties contained therein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth in the Stipulation. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated in the Stipulation, and the provisions of 11 U.S.C. §727(a)(10), the Debtor has agreed to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

12. The settlement proceeds of $16,200.00 (or $12,000.00 in the event of early payment) will be allocated the Potential Transferred Funds Claims.

13. The Court retains jurisdiction to enforce the terms of the Settlement.

###

Submitted by

ROBERT A. ANGUEIRA, P.A.
16 SW 1st Avenue
Miami, FL 33130
Tel. 305-263-3328
e-mail   Robert@rabankruptcy.com

Copies furnished to:
Robert A. Angueira, Esq.

*(Trustee Robert Angueira is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.)*